**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

**STEVEN D. COLLYMORE,**

          **Plaintiff,**

      **v.**                                     **CIVIL ACTION NO. 22-cv-11468-IT**

**COMMONWEALTH OF MASSACHUSETTS,**
**NASHUA STREET JAIL, SUPERINTENDENT**
**SWEENEY, SHERIFF STEVEN TOMPKINS,**

          **Defendants.**

**MEMORANDUM AND ORDER**

October 24, 2022

**TALWANI, D.J.**

Before the court is Steven D. Collymore's <u>Complaint</u> [Doc. No. 1], <u>Statement of Claim</u> [Doc. No. 4],[1] and <u>Application to Proceed without Prepayment of Fees and Affidavit</u> [Doc. No. 2]. After review of Collymore's filings, the court rules as follows:

**1.  The Applications to Proceed In Forma Pauperis**

The Application to Proceed without Prepayment of Fees is <u>DENIED</u> without Prejudice, and this action likely to be dismissed unless by **November 21, 2022,** Collymore either: (1) pays the $402 filing and administrative fee, or (2) files a renewed motion to proceed in forma pauperis with a complete prison account statement. Pursuant to 28 U.S.C. § 1915(b)(1), "a prisoner seeking to bring a civil action … without prepayment of fees shall submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint…"  28

---

[1] The court considers the Complaint and Statement of Claim together as the operative complaint.

U.S.C. § 1915(a)(2). Here, Collymore's statement of account does not cover the period from July 20, 2022, through September 9, 2022. On this record, while it appears that Collymore is without funds to pay the filing fee, the court cannot make a determination of the initial filing fee, and therefore the motion is denied without prejudice.

### 2. Screening of the Complaint and Statement of Claim

Collymore shall file an amended complaint by **November 21, 2022,** that complies with the basic pleading requirements of the Federal Rules of Civil Procedure and cures the deficiencies below, or this action will likely be dismissed.

### a. Collymore's Complaint is Subject to Screening under 28 U.S.C. §1915A

The complaint is subject to screening pursuant to 28 U.S.C. § 1915A(a) because Collymore is a prisoner[2] seeking monetary damages against a government entity or employee. Under that statute, this court must "dismiss the complaint or any portion of the complaint" to the extent that, among other things, it fails to state a claim upon which relief can be granted, or seeks monetary relief against immune parties. 28 U.S.C. § 1915A(b). In conducting this review, the court liberally construes Collymore's *pro se* complaint. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Haines v. Kerner, 404 U.S. 519, 520 (1972); Instituto de Educacion Universal Corp. v. U.S. Dept. of Education, 209 F.3d 18, 23 (1st Cir. 2000).

### b. Collymore's Factual Allegations

The following assertions of fact are taken as true, only for purposes of this order, from the Complaint and Statement of Claim. Collymore is a transgender female in state pretrial

---

[2] "The term 'prisoner' includes any person . . .detained in any facility who is accused of . . . violations of criminal law or the terms and conditions of  . . .pretrial release…" 28 U.S.C. § 1915A(c).

detention at the Nashua Street Jail. Her[3] pre-trial bail was revoked on June 30, 2022, by a
Boston Municipal Court judge for Collymore's failure to appear at her trial due to a medical
emergency. Collymore's defense counsel did not receive Collymore's texts and voicemails. Her
bail was raised to $6,250, and Collymore has remained in custody since June 30, 2022.

Collymore claims that "to date, . . . Collymore [has] not been afforded [her] right to bail
review for whatever reasons unbeknownst to [her]" and that she is "entitled to a bail appeal
hearing by law every 30 days[.]" Statement of Claim 2. Collymore additionally claims to have
been "subjected to the most deplorable conditions known to humanity," specifically referencing
"rodent(s)" and "insect like infestation" in her housing unit. Id.

### c. Relief Sought by Collymore

Collymore seeks $1,000,000 in damages from the Commonwealth of Massachusetts, the
Nashua Street Jail, Superintendent Sweeney and Sheriff Steven Tompkins.  She also "would
like to see the revising of the present way the Suffolk Superior Court as well as the Legal
Department at the Nashua Street Jail handles inmate bail petitions" apparently because these
"organizations are not enforcing the right to a bail appeal every thirty days at all."  Statement of
Claim 3.

### d. Collymore's Complaint is Subject to Dismissal

Collymore appears to be asserting a civil rights claim under 42 U.S.C. § 1983 against the
defendants. The court addresses the claims as to each defendant seriatim.

Section 1983 "furnishes a cause of action against any person who, while acting under
color of state law, transgresses someone else's constitutional rights." Alfano v. Lynch, 847 F.3d
71, 74 n. 1 (1st Cir. 2017). Section 1983 claims against the Commonwealth of Massachusetts

---

[3] The court adopts Collymore's use of the pronouns "she" or "her" in the Statement of Claim.

are not viable, however, because it enjoys Eleventh Amendment sovereign immunity. <u>Caisse v.</u>
<u>DuBois</u>, 346 F.3d 213, 218 (1st Cir. 2003); U.S. Const. amend. XI ("The Judicial power of the
United States shall not be construed to extend to any suit in law or equity, commenced or
prosecuted against one of the United States by Citizens of another State, or by Citizens or
Subjects of any Foreign State.").[4]

Additionally, the State is not a person under § 1983. <u>Will v. Michigan Dept. of State</u>
<u>Police</u>, 491 U.S. 58, 71 (1989). Moreover, officials acting in their official capacities are not
'persons' under § 1983 from whom  monetary damages may be sought. <u>Id.</u> claims against
Superintendent Sweeney and Sheriff Tompkins, those claims are barred for the same reasons as
set forth above.

The Nashua Street Jail is not an entity subject to suit under Section 1983. <u>Barnett v.</u>
<u>Massachusetts</u>, CIV.A. 13-10038-DPW, 2013 WL 210616, at *4 (D. Mass. Jan. 17, 2013)
(ruling that with respect to "suing the Essex County Jail itself, [such] claims are not plausible
because a prison is not a suable entity under § 1983"). Accordingly, claims against the Nashua
Street Jail are subject to dismissal.

While a Section 1983 claim is possible against state officials in their individual
capacities for monetary damages and injunctive relief, and official capacities for injunctive
relief, the complaint here fails to provide a factual basis to plausibly allege that Collymore's
rights are being denied by the named defendants. Collymore, who is apparently represented by
criminal defense counsel in the state criminal action, claims that her right to a bail review under
Massachusetts law has somehow been impeded. Collymore concedes, however, that she does

---

[4] Although not a defendant, to the extent that Collymore seeks relief against the Suffolk
Superior Court, the state "courts[] cannot be sued in federal court; sovereign immunity prevents
it." <u>Lu v. Dalton</u>, CV 15-13349-GAO, 2016 WL 3976574, at *2 (D. Mass. July 22, 2016).

not know why. Absent plausibly alleged facts as to how Superintendent Sweeney and Sheriff Tompkins -- or anyone else -- impeded Collymore's supposed right to a bail review hearing, claims relating to that issue are not viable and subject to dismissal.

Collymore has also not identified any Massachusetts statute or regulation entitling her to a bail review. For example, Collymore's criminal defense counsel might be pursuing bail and appeal of the revocation or modification decision with the Superior Court or the Supreme Judicial Court under G.L. c. 276, § 58. Regardless, absent plausible factual averments, it is unclear whether a factual basis for a Section 1983 claim exists. There is no allegation that Collymore -- or her criminal defense counsel – has even attempted to file an appeal of the decision of the Boston Municipal Court to the Superior Court, or a state appellate court. Indeed, Collymore has state court remedies for purported procedural violations of state law with respect to her desire for bail.[5]

As to the purported Eighth Amendment claims, Collymore is a pre-trial detainee and not a convicted prisoner. "A pretrial detainee's claim that he has been subjected to unconstitutional conditions of confinement implicates Fourteenth Amendment liberty interests. The parameters of such an interest are coextensive with those of the Eighth Amendment's prohibition against

---

[5] To the extent Collymore's requested relief might be construed to seek an order from this court for her release from state custody, any such claim sounds in habeas corpus, and therefore is not properly before the court in a Section 1983 civil action. In any event, it appears that Collymore has not exhausted her state remedies, and such a habeas claim would warrant abstention because it would interfere with a state criminal action. See Porter v. Hillsborough County Dept. of Corrections Superintendent, 21-CV-772-LM, 2022 WL 813745, at *4 (D.N.H. Jan. 25, 2022), report and recommendation adopted sub nom. Porter v. Hillsborough County Dept. of Corrections, 21-CV-772-LM, 2022 WL 813744 (D.N.H. Mar. 17, 2022); Graham v. Maine, 2:20-CV-00315-JDL, 2020 WL 6811492, at *2 (D. Me. Oct. 5, 2020), report and recommendation adopted, 2:20-CV-00315-JDL, 2020 WL 7753684 (D. Me. Dec. 29, 2020); Enwonwu v. Massachusetts Super. Ct., Fall River, CIV.A. 12-10703-DJC, 2012 WL 1802056, at *3 (D. Mass. May 16, 2012) (habeas relief concerning state bail denied on abstention and exhaustion grounds).

cruel and unusual punishment." <u>Surprenant v. Rivas</u>, 424 F.3d 5, 18 (1st Cir. 2005). The only specific claim for prison conditions is a broad allegation that Collymore's housing unit has a rodent and insect infestation. Statement of Claim 2-3. Of course, "[a]ctive infestation of vermin such as rats, mice, birds, and cockroaches is inconsistent with the adequate sanitation required by the Eighth Amendment." <u>Masonoff v. DuBois</u>, 899 F. Supp. 782, 801–02 (D. Mass. 1995) (Lindsay, J.). Indeed, "imprisoning plaintiffs in dungeon-like conditions in which rodents crawl all over and attack them is barbarous to the standards of our contemporary society." <u>Id.</u> (quoting <u>Walton v. Fairman</u>, 836 F.Supp. 511, 515 (N.D.Ill.1993). But Collymore's allegations are conclusory with respect to the particulars of the purported infestation. Indeed, "the mere presence of mice in a prison does not on its own rise to the level of an Eighth Amendment [or co-extensive Fourteenth Amendment] violation." <u>Nickerson v. Providence Plantation</u>, CV 19-030 WES, 2021 WL 978827, at *3 (D.R.I. Mar. 16, 2021). Rather, a plausible Eighth Amendment violation (or co-extensive with a Fourteenth Amendment violation) is stated, for example, "where (1) an infestation is prolonged and extensive, (2) the vermin have sickened or injured prisoners (or are highly likely to do so in the future), (3) the infestation is known to prison staff, and (4) the prison does not take reasonable steps to address the infestation." <u>Nickerson v. Providence Plantation</u>, CV 19-030 WES, 2021 WL 978827, at *3 (D.R.I. Mar. 16, 2021) (citing <u>Masonoff</u>, 899 F. Supp. at 801-802 and collecting cases). Without plausible allegations supporting this claim, or other conditions of confinement for that matter, the claim is subject to dismissal as to the identified individual defendants.

**3.      Effect of Failure to Comply with this Order.**

Failure to comply with this Order will likely result in dismissal of this action.

Summonses shall not issue except upon further order of the court.

**SO ORDERED.**

October 24, 2022                          /s/ Indira Talwani
                                    Indira Talwani
                                    United States District Judge